14-1045-cv
*Kregler v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fifteen.

PRESENT:     RALPH K. WINTER,
             DEBRA ANN LIVINGSTON,
             DENNY CHIN,
                         *Circuit Judges*.

────────────────────────────────────────────────

WILLIAM KREGLER,

     *Plaintiff-Appellant*,

     v.                              No. 14-1045-cv

CITY OF NEW YORK, LOUIS GARCIA, BRIAN GROGAN, ROSE GILL HEARN, KEITH SCHWAM, DARREN KEENAGHAN, Sued Individually and in their official capacities, JAYME NABEREZNY,

     *Defendants-Appellees*.

────────────────────────────────────────────────

For Plaintiff-Appellant:     NATHANIEL B. SMITH, Esq., New York, NY.

For Defendants-Appellees:     DRAKE A. COLLEY, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

────────────────────────────────────────────────

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and

**DECREED** that the judgment of the district court is **AFFIRMED**.

From 1984 to 2004, Plaintiff-Appellant William Kregler worked for the New York City Fire Department ("FDNY"), first as a firefighter and then as a Fire Marshal. Following his retirement, Kregler applied to become a New York City Marshal on April 22, 2004. Appointment as a City Marshal required approval of the Mayor's Committee on City Marshals, as well as approval by the New York City Department of Investigation ("DOI"). In March 2006, Kregler was notified by Defendant-Appellee Keith Schwam, Director of the Bureau of City Marshals within DOI, that he would not be appointed as a City Marshal. In this action pursuant to 42 U.S.C. § 1983, Kregler, who was the President of the Fire Marshal's Benevolent Association at the time, argues that his application was terminated in retaliation for his Association's endorsement of Robert Morgenthau, who was running for re-election as Manhattan District Attorney against Leslie Crocker Snyder during the time that Kregler's application was being reviewed. Kregler appeals, *inter alia*, from the judgment of the district court (Marrero, J.) dismissing his amended complaint after a jury returned a verdict in favor of Defendant-Appellee Louis Garcia, from the district court's decisions and orders granting summary judgment in favor of Defendant-Appellees City of New York, Brian Grogan, Rose Gill Hearn, Keith Schwam, Darren Keenaghan, and Jayme Naberezny, and from decisions regarding discovery in the case. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

Kregler first argues that the district court's judgment following the jury verdict must be reversed because the district court improperly instructed the jury. He contends (i) that the jury instructions erroneously implied that the jury was required to find that Hearn, the Commissioner of DOI, acted to terminate his application with retaliatory animus, when his theory of the case was that *Garcia* harbored retaliatory animus and that Garcia's animus ultimately caused Kregler's application to be terminated, and (ii) that the jury instructions merged the adverse

2

action and causation elements of his § 1983 First Amendment retaliation claim, when in fact the two elements were logically distinct and the adverse action element was not contested. Regardless of whether the district court's jury instructions were erroneous, a new trial is not required in this case because Kregler cannot show that "considering the instruction[s] as a whole, the cited errors were not harmless, but in fact prejudiced" him. *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 235 (2d Cir. 2006). The jury instructions and verdict sheet correctly made clear that in order for Garcia to be liable, the jury was first required to find that Kregler had proven by a preponderance of the evidence that Garcia harbored retaliatory animus toward Kregler on account of Kregler having engaged in protected speech. Because the jury found that Kregler had not proven that Garcia harbored such animus, he cannot show that the alleged errors in the instructions actually prejudiced him.

Kregler also contends that the district court erroneously excluded important evidence during the trial and improperly limited and sustained objections to fair arguments by his counsel during summation. "We review [the] district court's evidentiary rulings for abuse of discretion, and will reverse only for manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2010) (internal quotation marks omitted). "[A]n evidentiary error in a civil case is harmless unless the appellant demonstrates that it is likely that in some material respect the factfinder's judgment was swayed by the error." *Tesser v. Bd. of Educ. of City Sch. Dist. of City of New York*, 370 F.3d 314, 319 (2d Cir. 2004) (internal quotation marks and alterations omitted). "[T]he propriety of comment by counsel in closing argument is best evaluated, in most instances, by the trial judge. Exclusion, even of permissible comment, will generally not warrant granting a new trial unless actual prejudice results." *Enercomp, Inc. v. McCorhill Pub., Inc.*, 873 F.2d 536, 542 (2d Cir. 1989). Kregler's challenges to the district court's evidentiary rulings and to its sustainment of opposing counsel's objections to his counsel's arguments during summation fail because

3

regardless of whether the district court erred, Kregler has failed to demonstrate that any of the alleged errors affected the jury's judgment in any material respect.

Kregler also argues that the district court erred in granting summary judgment to Defendant-Appellees Grogan, Hearn, Schwam, Keenaghan, Naberezny, and the City of New York. This Court reviews the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002). A motion for summary judgment is appropriately granted when the movant shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is 'material' when it might affect the outcome of the suit under governing law," and "[a]n issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). After reviewing *de novo* the district court's decisions and orders granting summary judgment to each of the Defendant-Appellees listed above, we conclude that the district court correctly granted summary judgment to each of these Defendant-Appellees because they demonstrated that Kregler failed to raise a genuine issue of material fact in his claims against any of them.

We have reviewed Kregler's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4